UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

WILLIAM F. BANKHEAD,

              Plaintiff,

      -against-

"JOHN" MERCANDETTI; NYPD
COMMANDER, 40TH PRECINCT;
"JOHN" CHU, NYPD INTERNAL
AFFAIRS BUREAU SGT.; NYPD,

              Defendants.

————————————————————————X

**TRANSFER ORDER**
10-CV-00154 (NGG)(LB)

**BLOOM, United States Magistrate Judge**:

    Plaintiff files this *pro se* complaint pursuant to this Court's federal question jurisdiction against two New York City defendants alleging that they have failed to act upon his reports of identity theft and that they have executed warrants against him "that he has nothing to do with." Complaint at 1. Plaintiff seeks damages of ten million dollars. Id. Without offering any opinion on the merits of plaintiff's claims, this complaint is transferred to the United States District Court for the Southern District of New York for the following reason.

    <u>Venue</u>

    Under 28 U.S.C. § 1391(b), a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be

1

brought.

Plaintiff alleges that although he reported the loss or theft of his identifying documents to the 40th Precinct of the New York City Police Department ("NYPD") in the Bronx, no investigation was ever conducted by the police. Second, plaintiff alleges that there is an outstanding "summons" mistakenly issued in his name but that it is not he that is the subject of that summons, but rather one of the other "guys who have employed my ID," an error which has occurred repeatedly before. Since the address provided for defendant Mercandetti is in the Bronx and defendant Chu's is in Manhattan, both defendants are located in the Southern District of New York, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, the action should be and hereby is transferred to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b), 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for Southern District of New York. A ruling on plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules for the Eastern District of New York which requires a five-day delay in the transfer of relevant case materials is waived. No summons shall issue from this Court. The Clerk of Court is directed to mark this case closed.

SO ORDERED.

/Signed by Judge Lois Bloom/

Lois Bloom
United States Magistrate Judge

Dated: Brooklyn, New York
       January 19 , 2010

2